**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
CASE NO. 2:06cv01031 (WOB)**

**MARTHA H. PETRIE**                                                   **PLAINTIFF**

**VS.**                  **MEMORANDUM OPINION AND ORDER**

**SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS**                                        **DEFENDANT**

This matter is before the court on defendant's motion for summary judgment (Doc. #26), which the court previously took under partial submission pending further briefing on the issue of subject matter jurisdiction. The court has reviewed the parties' supplemental briefs on this issue (Doc. #33, #34) and now issues the following memorandum opinion and order.

### *Brief Factual and Procedural Background*

In November 2003, the plaintiff filed an Equal Employment Opportunity complaint against her employer, the Department of Veteran Affairs, alleging that she had twice been denied a position because she is Hispanic and over the age of forty. In 2004, the parties entered into a settlement agreement to resolve plaintiff's complaint, one element of which was defendant's agreement to provide plaintiff with specialized training and to place her in the position at issue.

In 2006, the plaintiff, believing that defendant had breached the settlement agreement, filed an administrative

complaint with the VA alleging such a breach as well as reprisal. The VA found no breach and, after an unsuccessful appeal to the Merit Systems Protection Board, plaintiff filed suit in the court on December 7, 2006. (Doc. #1)

### *Analysis*

The issue now before the court is whether it has subject matter jurisdiction over plaintiff's claim that defendant – her federal government employer – breached a settlement agreement that the parties reached resolving plaintiff's administrative charge of discrimination.

As another district court stated recently, "[c]ourts around the country have split over whether federal courts have jurisdiction over lawsuits alleging that the government breached settlement agreements disposing of Title VII claims." *Berry v. Gutierrez*, No. 1:08cv459, 2008 WL 4997509, at *11 (E.D. Va. Nov. 14, 2008). Both the Fourth and Tenth Circuits have answered this question in the negative. *See Lindstrom v. United States*, 510 F.3d 1191, 1194-95 (10th Cir. 2007); *Frahm v. United States*, 492 F.3d 258, (4th Cir. 2007). *See also Curry v. Nicholson*, No. CV-06-1578, 2008 WL 2001267, at *3 (D. Ariz. May 7, 2008) (district court lacks subject matter jurisdiction over plaintiff's claim for breach of settlement agreement against federal employer).

These courts reason that the statutory waiver of immunity in Title VII for discrimination suits against the federal government

does not extend to a suit against the government for breach of a settlement agreement settling such claims. *Lindstrom*, 510 F.3d at 1194-95; *Frahm*, 492 F.3d at 262-63. These courts further note that the EEOC has set forth in its regulations specific procedures for plaintiffs to follow when they believe such settlement agreements have been breached, see 29 C.F.R. § 1614.504(a), and those regulations do "not authorize a suit to enforce the settlement agreement but rather only the reinstatement of the original discrimination complaint." *Lindstrom*, 510 F.3d at 1194.

Further, in the context of private settlement agreements, the Supreme Court has held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). Courts cite this holding as further support for the conclusion that federal jurisdiction to enforce a settlement agreement may not be found "implicitly" in Title VII. *See Berry*, 2008 WL 4997509 at *11.

In contrast, "[o]ther courts have decided that the structure of the EEOC regulations regarding administrative appeals implicitly authorizes district court jurisdiction" over breach of settlement claims. *Id.* (citing two district court cases so holding).

3

This court has found no Sixth Circuit case addressing this question.[1] It finds extremely persuasive, however, the reasoning of the Fourth and Tenth Circuits in their recent decisions which contain thorough discussions of this issue. For the reasons stated therein, the court concludes that it lacks jurisdiction over plaintiff's claim for breach of settlement agreement.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) defendant's motion for summary judgment (Doc. #26) is **GRANTED IN PART** as to plaintiff's claim for breach of settlement agreement, and that claim is **DISMISSED WITH PREJUDICE**; and (2) a telephonic status conference be, and is hereby, **SET FOR MONDAY, MARCH 16, 2009 AT 1:00 p.m.** Counsel shall contact the chambers of the undersigned at (859) 392-7900 **within five (5) days of entry of this order** to provide the telephone number where they can be reached for such conference.

---

[1] In *Gavette v. Brady*, No. 92-2134, 1993 WL 384902 (6th Cir. Sept. 28, 1993), the court considered whether a plaintiff could recover attorneys' fees in an action brought alleging breach of a settlement agreement resolving claims under the Rehabilitation Act. In finding that he could, the court stated that courts have "inherent power to enforce settlement agreements entered into in settlement of litigation pending before them." *Id.* at *2 (citation omitted). The court did not directly address the issue of subject matter jurisdiction, however, and the case predates the Supreme Court's *Kokkonen* decision. For these reasons, this court does not find *Gavette* instructive on the issue now before it.

4

This 11th day of February, 2009.



Signed By:
*William O. Bertelsman* WOB
United States District Judge