**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**CASE NO. 2:06cv01031 (WOB)**


**MARTHA H. PETRIE**                                              **PLAINTIFF**

**VS.**                **MEMORANDUM OPINION AND ORDER**

**SECRETARY, DEPARTMENT OF**
**VETERANS AFFAIRS**                                              **DEFENDANT**


    This matter is before the court on the the parties' supplemental briefs on the issue of whether plaintiff may maintain a separate claim for retaliation in the wake of this court's ruling that it lacks subject matter jurisdiction over her claim for breach of the settlement agreement. *See* Doc. #35.

    The court has reviewed this matter and concludes that plaintiff's claim for retaliation must also be dismissed because it substantively alleges a breach of the settlement agreement which resolved her 2004 EEOC charge, and it is thus subject to the same jurisdictional defect that the court discussed in its recent ruling. The settlement agreement at issue contains a "no reprisal" clause, and plaintiff has expressly claimed that defendant violated that clause by failing to provide job training and subjecting her to disciplinary action.

    Petrie's proper course, as discussed in the court's previous order and the cases cited therein, would have been to return to the EEOC and seek reinstatement of her charge, rather than filing

suit in federal court.

In her supplemental brief, plaintiff seems to concede the former point, but she argues that instead of dismissing the case, the court should order it back to the docket of the EEOC. This is problematic for two reasons. First, if this court lacks subject matter jurisdiction, it has no authority to issue such an order.

Second, plaintiff's suggested course of action would amount to a circumvention of the EEOC statutory procedures, as the underlying regulation has a very short appeal time with which the complainant must comply after the federal employer in question has reviewed his or her complaint that the settlement agreement has been breached. Thus, plaintiff is effectively asking the court to make an order that would override that regulation.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's retaliation claim be, and is hereby, **DISMISSED WITH PREJUDICE.** A separate judgment shall enter concurrently herewith.

This 18th day of May, 2009.



**Signed By:**
**_William O. Bertelsman_** *W.OB*
**United States District Judge**